UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH DENISA TUCKER,

    Movant,

v.

                              1:07-CV-466

                              HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
                                         /

### **O P I N I O N**

This matter comes before the Court on Movant Deborah Denisa Tucker's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**I.**

On June 23, 2005, Tucker pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Tucker*, No. 1:05-CR-68 (W.D. Mich.). On November 16, 2005, Tucker was sentenced to 84 months in prison. Tucker's sentence was affirmed on appeal. *United States v. Tucker*, No. 05-2635 (6th Cir. Nov. 15, 2006).

**II.**

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of

the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice" or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that if it plainly appears from the face of the § 2255 motion, exhibits

and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order for its summary dismissal. Upon initial consideration of this motion, it plainly appears that Movant is not entitled to relief.

Tucker has raised four grounds for relief in her § 2255 motion: a Fourth Amendment claim, a Fifth Amendment claim, and two Sixth Amendment ineffective assistance of counsel claims. The Court's ability to consider these claims is affected by Tucker's entry of a guilty plea. By pleading guilty Tucker waived all subsequent nonjurisdictional appeals of her conviction. *United States v. Lanier*, 201 F.3d 842, 847 (6th Cir. 2000).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759 (1970)].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Because Tucker's Fourth and Fifth Amendment claims are not jurisdictional, they were waived by her guilty plea. Moreover, Tucker's plea agreement specifically provided that she was giving up "any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed." (Plea Agrmt ¶ 7).

In addition, Tucker's claims that her Fourth and Fifth Amendment rights were violated are procedurally barred because she did not raise them before the trial court or on appeal.

The only excuses offered by Tucker for her procedural default are defense counsel's failure to present the issues and not knowing the options she had available.  To satisfy the "cause" test, a petitioner must show that "some objective factor external to the defense" kept her from raising the issue earlier.  *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Neither counsel's failure to raise the issue nor Tucker's ignorance qualifies as an "objective factor external to the defense," that impeded her ability to raise the claim earlier.  *See*, *e.g.*, *Ratliff v. United States*, 999 F.2d 1023, 1030 (6th Cir. 1993) (holding that allegation of attorney error was not evidence of "some objective factor external to the defense"); *Zogaib v. United States*, No. 95-1717, 1996 WL 116834, at *1 (6th Cir. Mar. 14, 1996) (holding that allegation of lack of knowledge of facts and legal theories was insufficient to allege "some objective factor external to the defense").  Because Tucker has alleged neither cause for her procedural default nor actual innocence, her Fourth and Fifth Amendment claims may not be raised on collateral review.

Tucker's remaining two claims allege ineffective assistance of counsel.  A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant, including "claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary."  *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).  *See also Johnson v. Atherton*, 296 F.3d 991, 993 (10th Cir. 2002) (holding that a guilty plea, intelligently and voluntarily made, bars later constitutional challenges, including claims of ineffective assistance of counsel not implicating the voluntariness of the plea); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A

defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."); *Claybron v. Stovall,* No. 05-73676, 2007 WL 551599, at *6 (E.D. Mich. Feb. 20, 2007) ("a voluntary guilty plea waives all claims of ineffective assistance of counsel, except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary.").

Tucker's first ineffective assistance of counsel claim alleges that counsel failed to investigate and interview witnesses and failed to introduce a fact-finding rebuttal against the prosecution. Because this case never went to trial, Tucker's arguments regarding counsel's failure to properly prepare for trial are hypothetical and speculative, and her argument regarding counsel's failure to introduce a fact-finding rebuttal is meaningless. More importantly, because Tucker has not argued that counsel's failures rendered her guilty plea involuntary, and because Tucker has not alleged that but for counsel's errors she would not have pleaded guilty and would have insisted on going to trial, her first claim of ineffective assistance of counsel was waived by her guilty plea. *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.1983) (finding that an ineffectiveness claim alleging failure to investigate witnesses was waived by a voluntary guilty plea).

Tucker's second ineffective assistance of counsel claim alleges that counsel failed to advise her of her plea agreement and sentence and that she did not knowingly and voluntarily waive her rights because she had no knowledge, understanding or awareness of the rights which he told her to waive. Although Tucker has alleged that her plea was not knowingly

and voluntarily made, this Court is not required to hold an evidentiary hearing to determine the truth of the matters asserted in a § 2255 motion if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (quoted in *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

Tucker's assertion that her attorney failed to explain her rights and that she had no knowledge or understanding of the rights she waived is contradicted by the record and is inherently incredible. Tucker signed a plea agreement which outlined the constitutional rights she was waiving by entering a plea. (Plea Agrmt ¶ 8; Docket # 38). The transcript of the change of plea hearing establishes that the Magistrate Judge outlined Tucker's rights in some detail before Tucker entered her plea, and provided Tucker an opportunity to ask any questions she might have about her rights, the charges, and the penalties. (Plea Tr. 2, 6-11). The record establishes that Tucker signed a Defendant's Rights Form, indicating that she had read and understood her rights. (Plea Tr. 11; Docket # 40). Tucker, after being placed under oath, acknowledged that she had a sufficient opportunity to read and go over the plea agreement with counsel, that she understood the plea agreement, and that her plea was a voluntary and free will act on her part. (Plea Tr. 3, 12, 15). The record also reflects that Tucker is a college graduate and that she has no problems reading or writing English. (Plea Tr. 3). The record establishes that Tucker has some familiarity with the criminal justice system in that she has at least three prior felony convictions. (Plea Tr. 16, 27). At sentencing this Court noted that Tucker's significant criminal history was underrepresented by a criminal

history level of V.  (Sent. Tr. 8).   The Magistrate Judge who took Tucker's plea was satisfied that Tucker understood her rights and what she was being charged with, and that her desire to plead guilty was voluntary.  (Plea T. 42).  On this record, Tucker's assertion that counsel did not explain and she did not understand the rights she was waiving is simply incredible. Accordingly, Tucker's motion under § 2255 to vacate set aside, or correct sentence will be summarily dismissed.

    An order consistent with this opinion will be entered.

Date:  July 25, 2007                                    /s/ Robert Holmes Bell
                                                                   ROBERT HOLMES BELL
                                                                   CHIEF UNITED STATES DISTRICT JUDGE